IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**KATHRYN DIXON, Individually and on**            **PLAINTIFF**
**behalf of All Others Similarly Situated**

vs.                                    No. 6:20-cv-577

**MOHAN GROUP, LLC,**                            **DEFENDANT**
**and MOHAN HIRANI**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Kathryn Dixon ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendants Mohan Group, LLC, and Mohan Hirani (collectively "Defendant" or "Defendants"), and in support thereof she does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff on behalf of herself and other salaried Housekeeping Employees employed by Defendant at any time within the three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other salaried Housekeeping Employees sufficient minimum wage and overtime compensation for all hours worked in excess of forty hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff was employed by Defendant at its hotel in Tyler.

6. The acts complained of herein were committed and had their principal effect against Plaintiff within the Tyler Division of the Eastern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is an individual and resident and citizen of Smith County.

8. Separate Defendant Mohan Group, LLC ("Mohan Group"), is a domestic limited liability company.

9. Mohan Group's registered agent for service of process is Mohan Hirani.

10. Separate Defendant Mohan Hirani ("Hirani") is an individual and resident of Texas.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Hirani is a principal, director, officer, and/or owner of Mohan Group.

13. Hirani took an active role in operating Mohan Group and in the management thereof.

14. Hirani, in his role as an operating employer of Mohan Group, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15. Hirani, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

16. Hirani acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17. Mohan Group acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

18. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

19. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this Complaint.

20. Defendant owns and operates a hotel in Tyler.

21. Plaintiff was employed by Defendant within the three years preceding the filing of this Complaint.

22. Specifically, Plaintiff was employed by Defendant as a Housekeeping Employee from February of 2020 to the present.

23. Defendant also employed other Housekeeping Employees within the three years preceding the filing of this Complaint.

24. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

25. Defendant classified other Housekeeping Employees as salaried employees, exempt from the overtime requirements of the FLSA.

26. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

27. As a Housekeeping Employee, Plaintiff's primary duties included performing housekeeping duties such as cleaning hotel rooms and doing laundry.

28. Other Housekeeping Employees had similar duties to Plaintiff.

29. Plaintiff and other Housekeeping Employees did not hire or fire any other employee.

30. Plaintiff and other Housekeeping Employees were not asked to provide input as to which employees should be hired or fired.

31. Plaintiff and other Housekeeping Employees did not exercise discretion or independent judgment as to matters of significance.

32. Plaintiff's and other Housekeeping Employees' primary duties involved manual labor, and their non-manual labor duties consisted of repetitive, rote or mechanical tasks which were subject to close review and management.

33. Plaintiff and other Housekeeping Employees sought input from their supervisors in lieu of making significant decisions on their own.

34. Plaintiff regularly worked over forty hours in a one-week period.

35. Plaintiff was paid a monthly salary of between $1,250.00 and $1,500.00.

36. Upon information and belief, other Housekeeping Employees were paid a similar wage.

37. Plaintiff estimates she generally worked approximately 70 hours per week.

38. Upon information and belief, other Housekeeping Employees had similar schedules to Plaintiff.

39. Plaintiff and other Housekeeping Employees' hourly rate frequently fell below the applicable minimum wage.

40. Defendant failed to pay Plaintiff and other Housekeeping Employees an overtime premium for hours worked over forty each week.

41. At all relevant times herein, Defendants have deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty per week.

42. In addition to their salary, Plaintiff and other Housekeeping Employees received a rent credit and lived on-premises.

43. Rent credits were a form of compensation to Plaintiff and other Housekeeping Employees.

44. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

45. All forms of compensation, such as the rent credit, should be included in the regular rate when calculating Plaintiff's and other Housekeeping Employees' overtime pay.

46. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

47. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and the other Housekeeping Employees violated the FLSA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Minimum wages for all hours worked;

   B. Overtime premiums for all hours worked in excess of forty per week;

   C. Liquidated damages; and

   D. The costs of this action, including attorney's fees.

50. Plaintiff proposes the following class under the FLSA:

**All Housekeeping Employees in the last three years.**

51. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

52. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

53. The proposed FLSA collective members are similarly situated in that they share these traits:

   A. They worked more than 40 hours in some weeks;

   B. They had substantially similar job duties, requirements and responsibilities;

   C. They were paid a salary;

   D. They were misclassified by Defendant as exempt from the overtime requirements of the FLSA;

   E. They were subject to Defendant's common policy of failing to pay overtime wages for all hours worked over forty each week; and

   F. They received a rent credit.

54. Plaintiff is unable to state the exact number of the class but believes that there are at least twelve other employees who worked as Housekeeping Employees and were misclassified as salaried employees.

55. Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried Housekeeping Employees.

56. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be

provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

57.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59.     At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

60.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

62.     At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

63.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over forty in each week.

64.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

66. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

67. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

70. At all times relevant to this Complaint, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

71. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

72. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

73. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kathryn Dixon, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and attendant regulations;

E. Judgment for liquidated damages pursuant to the FLSA and attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the proposed collective during the applicable statutory period;

F. An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**KATHRYN DIXON, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com